# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

    Plaintiff,

vs.                                                                                         No. CR 09-2054 MCA

**NATHAN DAVID DEBREW, SR. et., al**.,

    Defendant.

## ORDER DECLARING PARTIAL MISTRIAL

**THIS MATTER** comes before the Court on Defendant Nathan Debrew Sr.'s oral motion for a mistrial and the Court's finding that the jury was hopelessly deadlocked and unable to return a unanimous verdict as to Counts 3 and 4 in the trial of this matter commencing on January 25, 2010.

The Court finds that the jury began its deliberations at 4:38 p.m. on January 27, 2010. The jury deliberated until approximately 9:00 p.m., when the Court convened for the reading of a note from the jury, written at 8:30 p.m. [See Doc. 82]. After conferring with counsel, the full jury was brought into the courtroom. Upon questioning by the Court, the foreperson advised that the jury had reached a unanimous verdict as to some—but not all—counts of the *Superseding Indictment*. The jurors then indicated, by nodding their heads affirmatively, that they wished to be excused for the night and to return in the morning to resume their deliberations.

The jury returned to the jury room to resume deliberations at 9:00 a.m. on January 28, 2010. At approximately 11:00 a.m., the full jury was returned to the courtroom, at which time the Court convened for the reading of another note from the jury, this one having been written at 10:30 a.m. This note advised that the jury was able to reach unanimous verdicts as to Counts 1 and 2 as to both parties, but was unable to reach a unanimous verdict as to Counts 3 and 4, both of which named Mr. Debrew Sr. only. The Court and counsel then discussed the propriety of providing the jury with a modified Allen charge, which was requested by counsel for the Government but objected to by the Debrews' attorneys.

The full jury was then returned to the courtroom, at which point the Court asked the foreperson whether he believed that further deliberations would likely result in a unanimous verdict as to either Count 3 or Count 4. The foreperson answered negatively. The Court then polled each juror individually, and each juror agreed with the foreperson's representation.

Accordingly, the Court finds as follows: (1) the jury deliberated for a total of approximately six and one-half hours over the course of two days; (2) when questioned at approximately 11:00 a.m. on January 28, 2010, the jury advised the Court that it was unable to reach a unanimous verdict as to Counts 3 and 4 of the *Superseding Indictment*, and that further deliberations were unlikely to result in a unanimous verdict as to these counts; (3) the jury was hopelessly deadlocked as to Counts 3 and 4 of the *Superseding Indictment*; (4) the Court provided an opportunity for counsel for the defendants and counsel for the government to comment on the matter; and (5) counsel for the defendants made an oral motion for a mistrial, the government's objection to which was overruled.

In light of these findings and the relevant law, the Court, with respect to Counts 3 and 4 of the *Superseding Indictment*, hereby declares in this matter a partial mistrial based on manifest necessity.

**IT IS THEREFORE ORDERED** that, as to Counts 3 and 4 of the *Superseding Indictment*, a partial mistrial based on manifest necessity is declared in this matter and the jury is discharged.

**SO ORDERED** this 29th day of January, 2010, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**